PARAMOUNT BEAD CORP., WALTER A. YOKEL, *v.* UNITED STATES
(No. 3474) [1]

---

[1] T. D. 45522.

United States Court of Customs and Patent Appeals, February 29, 1932

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*Thomas J. McKenna* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument February 9, 1932, by Mr. Carter and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This appeal involves the classification of certain merchandise imported in 1927, which merchandise consists of what are known as "ornamental lamp pulls," used for the purpose of turning on or off electric lights. Four samples of the merchandise were offered and received in evidence, being marked for identification as Exhibits 1, 2, 3, and 4.

The collector classified the merchandise as bead ornaments and assessed duty thereon at 90 per centum ad valorem under the provisions of paragraph 1430 of the Tariff Act of 1922.

Appellants protested, claiming that the goods represented by Exhibits 1 and 4 were dutiable at 60 per centum ad valorem under the provisions of paragraph 1403 as articles composed in chief value of beads, and that the merchandise represented by Exhibits 2 and 3 was dutiable at 55 per centum under paragraph 218 as articles composed in chief value of colored glass. Alternative claims were made that the lamp pulls are dutiable at 60 per centum ad valorem under said paragraph 218 as illuminating articles, or at 75 per centum ad valorem under the last part of paragraph 1430. Other claims were made, but these were not relied on before us.

The lower court entered judgment overruling the protests, and from such judgment this appeal is taken.

The material portions of the competing paragraphs are as follows:

PAR. 1430. * * * ornaments; * * * all the foregoing, * * * when composed wholly or in chief value of * * * beads, * * * 90 per centum ad valorem; * * * articles * * * ornamented with beads, * * * all the foregoing, * * * when composed wholly or in chief value of * * * beads, * * * 75 per centum ad valorem.

PAR. 1403. * * * articles not ornamented with beads, * * * composed wholly or in chief value of beads * * * 60 per centum ad valorem; * * * .

PAR. 218. * * * all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown * * * or colored, * * * or decorated or ornamented in any manner, * * * 55 per centum ad valorem; * * * .

Exhibit 1 is a short chain composed of the usual small metal spheres, being connected together in such a way as to give some degree of flexibility thereto. At the uppermost end is a metal ring by means of which the article may be attached to a switch; at the lower end is a comparatively large ball, or bead, the same having the quality of being luminous when displayed in a dark room. Exhibit 4 is of the same general construction, except that there are three luminous beads, of different sizes, instead of the single one used in Exhibit 1. Exhibit 2 is of different construction, the chain being made of links of wire which pass through small green beads; at the bottom of the chain is suspended a pear-shaped pendant, also of green glass, the center portion of which is cut out; mounted in the center of said pendant is a small oval-shaped member which has the luminous quality above noted, this being the only part of the exhibit having this quality. Exhibit 3 has a chain which is composed of three colored glass beads and one luminous bead; at the bottom thereof is hung a solid, pear-shaped colored pendant of glass, which is flat, the sides thereof being ornamental in design.

During the course of the trial in the court below, as to Exhibits 2 and 3, the following occurred:

Mr. BAND. * * * If the court please, to clear the issue I am prepared to offer a stipulation that Exhibits 2 and 3, submitted to the court here, which I have, consist of merchandise or articles composed wholly or in chief value of glass or paste similar to those provided for in paragraph 218 at 55 per centum.

Mr. McKENNA. The Government agrees to that.

Mr. BAND. Then there will be no testimony as to those items. * * *

In accordance with this stipulation, the testimony was confined to Exhibits 1 and 4.

With regard to said stipulation the lower court in its opinion said—

That part of the stipulation which states that "Exhibits 2 and 3 consist of merchandise or articles composed wholly or in chief value of glass or paste," being a statement of fact clearly within the province of counsel to make, is binding on this court. But there is nothing in this part of this stipulation which in any way destroys the presumption of correctness attaching to the action of the collector in classifying these two exhibits as being in chief value of beads. * * *

However, in arriving at the conclusion that there was nothing in the record destroying the presumption above referred to, the court evidently overlooked an analysis of all of the exhibits in the case, made by the bureau for the analysis of textile fabrics, appraiser's office, which analysis was received in evidence. Both the Government and the appellants admitted, in their briefs and upon oral argument, that the analysis of said Exhibits 2 and 3, shown in such report, was correct. This analysis shows that the glass pendant attached to each of said Exhibits 2 and 3 was the component material of chief value of each of said articles. We must, therefore, accept as a fact in the case that the merchandise represented by Exhibits 2 and 3 is

in chief value of glass or paste not in the form of beads, and the presumption of correctness attached to the action of the collector in classifying the exhibits as being in chief value of beads was destroyed. Therefore, the merchandise represented by these exhibits should be held dutiable under paragraph 218 at 55 per centum ad valorem, as claimed by appellants.

With respect to Exhibits 1 and 4, which are admittedly composed in chief value of beads, it was established by the testimony that the articles as a whole had a utilitarian use as, and were used only as, pull chains for electric lamps, and further, that the beads on each of the articles represented by Exhibits 1 and 4 served a utilitarian purpose in that they are luminous in the dark, thereby enabling a person readily to grasp the pull chain.

We are clear that these utilitarian uses of the articles and parts thereof preclude their classification as ornaments under paragraph 1430. The following definitions of the term "ornament" are found in Funk & Wagnalls' New Standard Dictionary:

> ornament, n. 1. A part or an addition that contributes to the beauty or elegance . of a thing; an embellishment; adornment; * * *.
> 5. (Archaic). Any furnishing or adjunct by which a thing may be prepared for use or rendered more serviceable, whether it contributes to decoration or not; * * *.

Webster's New International Dictionary gives the following definitions of the term "ornament":

> ornament, n. 1. An article of equipment; an adjunct, useful or decorative, as of clothing, furniture, etc. Archaic, exc. in ecclesiastical usage. 2. that which is added to embellish or adorn; that which adds grace or beauty; an embellishment; a decoration; an adornment. * * *

The Government relies upon the foregoing definitions which are noted in the respective dictionaries as archaic, but we are compelled to conclude that such definitions do not convey the common meaning of the term "ornament" as now understood. In other words, we hold that an article that has a primary utilitarian purpose, although it may be incidentally ornamental, can not be classified as an ornament under the provisions of paragraph 1430. To hold otherwise would bring a multitude of other articles having utilitarian uses within the provisions of this paragraph. While this court has never expressly declared that an article having a utilitarian use, which article is incidentally ornamental, may not be classified as an ornament under said paragraph 1430 and its predecessors, it has so held in effect in the case of *United States* v. *Lines & Warne*, 5 Ct. Cust. Appls. 552, T. D. 35193.

As the merchandise represented by Exhibits 1 and 4 was improperly classified by the collector, the next inquiry is as to which paragraph of said Tariff Act of 1922 governs its classification. We are clear

that the merchandise in question does fall within that part of paragraph 1403 which reads as follows:

\* \* \* articles not ornamented with beads, \* \* \* composed wholly or in chief value of beads \* \* \*, 60 per centum ad valorem.

Inasmuch as the beads in question are used as a component material in the manufacture of the articles, without which the articles would be incomplete for the purpose for which they are designed and used, and primarily serve a utilitarian purpose, we must hold that Exhibits 1 and 4 are not "articles \* \* \* ornamented with beads," and therefore are not within the last part of paragraph 1430, but are dutiable, as claimed by appellants, under that part of paragraph 1403 above quoted. As heretofore stated, the merchandise represented by Exhibits 2 and 3 is dutiable under paragraph 218 at 55 per centum ad valorem.

The judgment of the United States Customs Court is *reversed* and the cause is *remanded* for further proceedings not inconsistent with the views herein expressed.